Whitakee, Judge,
delivered the opinion of the court:
Plaintiff sues for additional subsistence allowance to which he claims he is entitled.
On September 24, 1946, plaintiff was given a travel order under which he was “authorized to travel and incur necessarj^ expenses in accordance with the Standardized Government Travel Regulations and Administrative Order No. 25 — Revised.” He was to leave Washington on October 7, 1946, for Salt Lake City, Utah, which was to be his temporary post of duty, and he was directed to perform necessary travel within the State of Utah “to accomplish inspection of accounts of officers within that area.” Plaintiff remained in Utah until May 13,1947.
*702 He submitted vouchers to cover his subsistence from October 13, 1946, to January 11, 1947, a period of ninety days, at $6.00 a day; from January 12 to February 10,1947, thirty days, at $5.00 a day; from February 11 to March 12, 1947, thirty days, at $4.00 a day; and March 13 to April 16, 1947, thirty days, at $3.00 a day. He made no claim for subsistence from April 17 to May 13, 1947. These vouchers were duly paid. Plaintiff now claims, however, that he is entitled to subsistence allowance for the entire period at $6.00 a day.
. Section 823 of Title 5, United States Code (1946 ed.), allows civilian officers and employees of Government departments a per diem allowance, in lieu of actual expenses for subsistence, in amounts “to be prescribed by the heads of the departments and establishments concerned at a rate not to exceed $6.00 within the limits of the continental United States.”
Section 827 of Title 5, United States Code, provides:
_ The fixing and payment, under section 823 of this title, of per diem allowance, or portions thereof, shall be in accordance with regulations which shall be promulgated by the heads of the departments and establishments and which shall be standardized as far as practicable and shall not be effective until approved by the President of the United States.
Pursuant to this power to make regulations fixing the amount of the per diem allowance for subsistence, the Comptroller General, plaintiff’s superior, issued administrative order No. 25, revised, on January 10, 1946. This provided for subsistence allowance of $6.00 for the first ninety days at a temporary post of duty; $5.00 for the next thirty days; $4.00 for the next thirty days; and $3.00 for the next thirty days. Plaintiff’s travel order provided for the payment of expenses in accordance with this administrative order. Plaintiff submitted vouchers in accordance with it and these vouchers have been paid.
There is nothing in the Act which provides for a straight subsistence allowance of $6.00 a day. The Act provides for an allowance “to be prescribed by the heads of the departments and establishments concerned at a rate not to emceed *703 $8.00 within the limits of the continental United States.” The head of the department could prescribe any amount he thought proper up to $6.00 a day, and this is what he did.
Regulations providing for a diminishing subsistence allowance at temporary posts of duty had been in effect since October 9, 1935. This provision of administrative order No. 25, revised, was not new.
We see no basis for plaintiff’s claim. He has been paid in accordance with vouchers submitted by him which were in accord with the regulations; the regulations were authorized by Congress, and the order under which plaintiff traveled made them the basis for the allowance to which plaintiff was entitled.
Plaintiff’s petition will be dismissed.
Howell, Judge; MaddeN, Judge; LittletoN, Judge; and JONES, OMef Judge, concur.